IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID KEITH GREEN, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 5:19-CV-370-MTT-MSH |
| Sheriff THOMAS SMITH, *et al.*, | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Stephen Hyles recommends dismissing without prejudice Plaintiff David Keith Green's 42 U.S.C. § 1983 complaint and denying his motion for a hearing and subpoenas as moot. Doc. 14. Plaintiff has objected. Doc. 15. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* the portions of the Recommendation to which Plaintiff objects.

In his original complaint, Plaintiff named Sheriff Thomas Smith as the only Defendant. Doc. 1. He stated that he was falsely arrested and imprisoned, and he was being "ignored for much needed medical care." *Id*. at 3. The Magistrate Judge ordered Plaintiff to amend and/or supplement his complaint by explaining the status and outcome of any criminal charges that were related to the alleged false arrest or imprisonment described in his complaint. Doc. 10. Plaintiff was also told to provide additional information regarding his denial of adequate medical care claim. *Id*. at 3.

Plaintiff responded, again naming Sheriff Thomas Smith as a Defendant, and adding the Washington County Sheriff's Department. Doc. 11. Plaintiff stated that he

was convicted of various crimes in 2011 and was sentenced to ten years, two to serve in prison and eight on probation.  *Id.* at 1.  He was released from Johnson State Prison on April 19, 2013, and officers with the Washington County Sheriff's office took him into custody on that date.  *Id.*  Plaintiff was transported to the Baldwin County Law Enforcement Center.  *Id.*  He complained that the Washington County Sheriff's Department had no holds on him, had no jurisdiction in Johnson County, and had no active warrants for his arrest.  *Id.*  Plaintiff states he was held in jail until June 20, 2013.  *Id.*  According to Plaintiff, when he finally appeared before a judge, he was told he "was free to go."  *Id.* at 2.

Plaintiff included in his supplement a "Proof of Incarceration" form, that shows he was incarcerated in the Baldwin County Law Enforcement Center from April 19, 2013 until June 20, 2013.  Doc. 11-1.

Plaintiff was later arrested in November 2018 for violating probation and the separate charges of "stalking and false crimes."  Doc. 11 at 1.  He "went to court on these charges" on February 18, 2020 and was given a ten-year sentence to run concurrently with whatever probation was left from his 2011 conviction.  *Id.*

The Magistrate Judge found Plaintiff's claim that he was unlawfully detained from April 19, 2013 until June 20, 2013 is time-barred.  Doc. 14 at 4-5.  Plaintiff had two years from his release on June 20, 2013 to file an action contesting the detention.  *Id.*  He did not file the current action until September 2019.  *Id.*; Doc. 1.

In his objection, Plaintiff again states that the Washington County Sheriff's Department officers should not have arrested him in 2013 without an investigation.  Doc. 15 at 1.  He states he should be allowed to proceed with this claim because "this

case is not closed." Doc. 15 at 1.  Presumably, Plaintiff is arguing that he is still on probation for the 2011 conviction.  This may be true, but his alleged unlawful detention by the Washington County Sheriff's Department started on April 19, 2013 and ended on June 20, 2013.  Doc. 11-1 at 1.  Any claim regarding this period of "wrongful" incarceration had to be filed two years from June 20, 2013.  See *White v. Hiers*, 652 F. App'x 784, 786 (11th Cir. 2016) (citing *Wallace* v. Kato, 549 U.S. 384, 388-89 (2007)) (finding that the statute of limitations begins to run for a false arrest/imprisonment claim when the false imprisonment comes to an end).  Thus, as the Magistrate Judge found, Plaintiff's unlawful detention claim is time-barred.

Plaintiff also states that he should be allowed to proceed "out of time" because the Washington County Sheriff's Department would "not give [him] any records for the last 5 years."  Doc. 15 at 3.  Plaintiff did not need any "records" to file a timely false arrest/false imprisonment claim.  He simply could have filed a 42 U.S.C. § 1983 complaint within two years of his June 20, 2013 release date and alleged that he had been wrongfully detained from April 19, 2013 until June 20, 2013.  Thus, the Washington County Sheriff's Department's alleged failure to release "records" provides no basis for tolling the statute of limitations.  *Id.*

As for Plaintiff's medical claims, the Magistrate Judge found that Plaintiff did allege a serious medical condition.  Doc. 14 at 7.  But Plaintiff had not shown any connection between the named Defendants and the alleged inadequate medical care.  *Id.* at 7-9.  Specifically, the Washington County Sheriff's Department is not a legal entity subject to suit, and Sheriff Thomas Smith cannot be held liable on the basis of respondeat superior.  *Id.* at 8-9.

In his objection, Plaintiff simply re-states his medical complaints. But he completely fails to connect Sheriff Thomas Smith to this claim. Plaintiff's action is being dismissed without prejudice. He may file an action for deliberate indifference to serious medical needs against the individuals who denied him medical care. In his objection, Plaintiff states that Nurse Lane and unnamed "jail officials" failed to give him medication or provide necessary care. Doc. 15 at 2. He does not name these persons as Defendants. Sheriff Thomas Smith cannot be held liable for Nurse Lane's or unnamed jail officials' actions or inactions. Should Plaintiff wish to file a 42 U.S.C. § 1983 action against Nurse Lane and others he may do so, keeping in mind the two-year statute of limitations.[1] Additionally, if Plaintiff should decide to file an action for deliberate indifference to serious medical needs naming Nurse Lane and others as Defendants, he will need to provide the names of the "jail officials" he seeks to hold liable.

In conclusion, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. Doc. 14. The Recommendation (Doc. 14) is **ADOPTED** and made the Order of the Court. Accordingly, Plaintiff's motion for a hearing and to subpoena witnesses (Doc. 13) is **DENIED** as moot and his complaint is **DISMISSED** without prejudice.

**SO ORDERED,** this 3rd day of August, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff alleges his lack of medical care started in November 2018. Doc. 11-2 at 2.